IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) LINCOLN CEMETERY, INC. ) ) Defendant. ) ) _____ ) | CIVIL ACTION NO. **COMPLAINT** **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Peggy Knox ("Mrs. Knox"), the individual adversely affected by such practices. The Equal Employment Opportunity ("EEOC") alleges that Lincoln Cemetery, Inc. ("Defendant") terminated Knox in retaliation for her participation in an EEOC investigation in violation of Title VII.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to

1

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Lincoln Cemetery, Inc., has continuously been doing business in the state of Georgia and the city of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Mrs. Knox filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On May 31, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On June 22, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least July 2015, Defendant has engaged in unlawful employment practices at its Atlanta, Georgia facility, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. 2000(e)-2(a) and 2000e-3, when it subjected Mrs. Knox to unlawful retaliation because of her participation in an EEOC investigation.

11. Defendant is a corporation specializing in interment arrangements. Mrs. Knox had worked as an Administrative Assistant in Defendant's Atlanta office since 1983. At the time of her termination, Mrs. Knox was one of two administrative assistants working in Defendant's office.

12. During Mrs. Knox's nearly thirty-two year career with Defendant, she maintained an impeccable work record. Throughout her tenure, Defendant's Owner and Chief Executive Officer ("CEO") often showered Mrs. Knox with gifts and cards of appreciation, affirming her value to the company.

13. On or about July 14, 2015, an EEOC investigator conducted an onsite visit at Defendant's business location to gather relevant information and interview Defendant employees regarding an EEOC charge filed against Defendant by an employee who was not Mrs. Knox.

14. During the onsite visit, the EEOC investigator requested to speak with an employee who could provide information about the day-to-day operations of Defendant's business. Defendant's President selected Mrs. Knox as the company's representative and the EEOC investigator interviewed Mrs. Knox accordingly.

15. Defendant's Chief Financial Officer and Head Administrator remarked to Defendant's Owner that Mrs. Knox's interview with the EEOC lasted noticeably longer than the investigator's interviews of other Defendant officials and employees.

16. After Mrs. Knox spoke with the EEOC investigator, Defendant's Owner began overly scrutinizing her work and finding fault with everything she did.

17. In or around August 2015, the EEOC investigator received pertinent evidence relating to the EEOC's investigation of the charge against Defendant. The investigator promptly contacted Defendant to schedule a conference to discuss the evidence. The conference was ultimately scheduled to occur on September 17, 2015, at 9:00 a.m. at the EEOC's Atlanta District Office.

18. On the morning of the EEOC conference, Mrs. Knox arrived at work and saw Defendant's Owner and President meeting with their attorney. She spoke to them and started her daily work routine. Mrs. Knox did not know about their meeting at the EEOC's Atlanta District Office.

19. Around 11:00 a.m., Defendant's Owner, President, and their attorney returned to the office and immediately went into the President's office. Ten to fifteen minutes later, Mrs. Knox was called into the office where she was informed that she was being terminated.

20. Defendant's attorney handed Mrs. Knox her separation notice which stated that the reason for her termination was "threatening, disruptive behavior, insubordination." Mrs. Knox was devastated by the news of her termination that


came without any advance notice or warning that her performance was deficient in any manner.

21. At the time of her termination, Mrs. Knox had no record of performance issues or disciplinary problems while Defendant did not terminate other employees who had performance issues and disciplinary problems but had not engaged in protected activity.

22. The effect of the practices complained of above has been to deprive Mrs. Knox of equal employment opportunities and otherwise adversely affect her status as an employee, because she engaged in protected activity.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mrs. Knox.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from engaging in retaliation against its employees and engaging in any

other employment practice that retaliates against employees who engage in protected activity.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make Mrs. Knox whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant to make Mrs. Knox whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make Mrs. Knox whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Mrs. Knox punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney


s/ Ottrell Ferrell Edwards
Senior Trial Attorney
Georgia Bar No. 141979
U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6812
Facsimile:   (404) 562-6905